IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MEYERS, ROMAN, FRIEDBERG & LEWIS, CO., LPA** <br> c/o Reminger, CO., LPA <br> 101 W. Prospect Ave., Suite 1400 <br> Cleveland, OH 44115 <br><br> Plaintiff <br><br> v. <br><br> **KEVIN BAIRD** <br> c/o KevGar Holdco, LLC <br> 80 Greenwood Circle <br> Wormleysburg, PA 17043 <br><br> and <br><br> **KEVGAR HOLDCO, LLC** <br> 80 Greenwood Circle <br> Wormleysburg, PA 17043 <br><br> and <br><br> **KRB OPPORTUNITY ZONE FUND, LLC** <br> 29 Old Covered Bridge Road <br> Newton Square, PA 19703 <br><br> and <br><br> **400 REILY STREET LLC** <br> 29 Old Covered Bridge Road <br> Newton Square, PA 19703 <br><br> and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO: <br><br> JUDGE: <br><br><br> **PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT** |

| | |
|---|---|
| **400 REILY STREET MANAGEMENT LLC,** 29 Old Covered Bridge Road Newton Square, PA 19703, | ) ) ) ) ) |
| Defendants. | ) |

Plaintiff Meyers, Roman, Friedberg & Lewis, Co., LPA ("MRFL" or "Plaintiff"), by and through counsel, hereby brings the following Complaint against Defendants Kevin Baird, KevGar Holdco, LLC, KRB Opportunity Zone Fund, LLC, 400 Reily Street LLC, and 400 Reily Street Management LLC (collectively, "Defendants"). The allegations in this Complaint are based on Plaintiff's knowledge, information, and belief, and Plaintiff hereby states as follows:

## THE PARTIES

1. Plaintiff MRFL is a legal professional association organized under the laws of the State of Ohio with its principal place of business located in Cuyahoga County, Ohio.

2. Defendant Kevin Baird is an individual and upon information and belief, a resident of Pennsylvania. Upon information and belief, Mr. Baird is the statutory agent and/or controlling member or manager of one or more of the named defendant entities.

3. Defendant KevGar Holdco, LLC is a limited liability company organized under the laws of Pennsylvania and upon information and belief, has it principal place of business in Cumberland, PA.

4. Defendant KRB Opportunity Zone Fund, LLC is a limited liability company organized under the laws of Pennsylvania and upon information and belief, has it principal place of business in Delaware County, PA.

5. Defendant 400 Reily Street LLC is a limited liability company organized under the laws of Pennsylvania and upon information and belief, has it principal place of business in Delaware County, PA.

6. Defendant 400 Reily Street Management LLC is a limited liability company organized under the laws of Pennsylvania and upon information and belief, has it principal place of business in Delaware County, PA.

## JURISDICTION AND VENUE

7. Plaintiff realleges and reavers each and every allegation contained in the above paragraphs as if fully rewritten herein.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to the claim occurred in this judicial district, and because the forum selection clause in the attached engagement letter.

9. The Court has subject matter jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) because it is a civil action in which (i) the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and (ii) there is complete diversity of citizenship between Plaintiff, on one hand, and Defendants, on the other hand. Indeed, Defendants have alleged damages of $20 million, which satisfies the amount in controversy requirement. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977) (In a declaratory judgment action, the amount in controversy is measured by the value of the "object of the litigation" and the value of that object "is measured by the losses that will follow…").

10. An actual justiciable controversy exists between Plaintiff, on one hand, and Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal

Rules of Civil Procedure and the Declaratory Judgment Act, 28 USC § 2201 and § 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

11. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of transacting business in Ohio and because they have consented to the jurisdiction of Ohio in the signed engagement letter with Plaintiff.

## NATURE OF THE CASE

12. This case arises from Defendants' threats to file a procedurally and substantively improper Complaint against MRFL and/or its attorney(s). Upon information and belief, Defendants intend to file a complaint for legal malpractice, negligence, and/or breach of contract against MRFL and/or its attorney(s) in the Commonwealth of Pennsylvania. As further discussed herein, any attempt by Defendants to file such a complaint in the Commonwealth of Pennsylvania would be improper.

13. Through this lawsuit, Plaintiff seeks a declaration from this Court that (1) MRFL's representation was limited to KevGar Holdco, LLC ("KevGar"); (2) any such lawsuit contemplated by Defendants against MRFL and/or its attorney(s) arising from its representation of KevGar must be filed in the Bedford Municipal Court or the Cuyahoga County Court of Common Pleas and must be governed by Ohio law; and (3) MRFL was not negligent in its representation of KevGar.

## FACTS

14. Under the Tax Cuts and Jobs Act of 2017, opportunity zones were created to spur economic growth and job creation in low-income communities while providing tax benefits to investors.

15. By investing in Qualified Opportunity Funds, investors can potentially temporarily defer taxes on eligible gains while supporting economic development.

16. On or around December 14, 2020, Kevin Baird on behalf of KevGar Holdco, LLC retained MRFL to represent them in relation to the development of a mixed-use project in a designated opportunity zone in Harrisburg, PA. (*See* **Exhibit A**, Engagement Letter).

17. The engagement expressly limited MRFL's representation to KevGar.

18. The engagement letter was signed only by Kevin Baird in his capacity as authorized representative of KevGar:



19. To make it even clearer that MRFL's representation was limited to KevGar, the engagement letter expressly disclaimed representation of any other person or entity, providing in pertinent part:

> Please note that we are not representing any other person or entity, any such representation is hereby disclaimed, and no other person or entity shall be entitled to rely on our legal service without in each case obtaining specific written agreement of the Firm. (Ex. A).

20. Further, the engagement between MRFL and KevGar mandates that Ohio law governs any dispute arising from the agreement and any such dispute must be filed in the

Bedford Municipal Court or the Cuyahoga Court of Common Pleas if the jurisdiction limits of Bedford Municipal Court are exceeded. (*See* Ex. A).[1]

21. Indeed, the engagement letter provides:

**Ohio Law Governs**

This agreement will be governed by and construed under Ohio law. Any dispute arising out of or under this agreement shall be subject only to the Bedford Municipal Court unless jurisdictional limits for said Municipal Court shall be exceeded at which time the Cuyahoga County Court of Common Pleas shall have sole jurisdiction. You irrevocably consent to the personal and subject matter jurisdiction of said courts.

(Ex. A, p. 5).

22. At its essence, KevGar retained MRFL to set up an opportunity zone fund for purposes of taking advantage of tax benefits and to prepare a private offering memorandum for prospective investors. (*See* Ex. A).

23. This involved MRFL having to create different entities, including KRB Opportunity Zone Fund, LLC, 400 Reily Street LLC, and 400 Reily Street Management LLC (collectively, the "non-KevGar entities")

24. One or more of the non-KevGar entities were set up as single member limited liability companies as "placeholders" with the understanding—which Baird was aware—that the operating agreement for one or more of the non-KevGar entities would be amended and restated with additional members and/or partners.

---

[1] Though the engagement letter mandates that any action arising out of or under the agreement will be subject to the Bedford Municipal Court and the Cuyahoga County Court of Common Pleas, Plaintiff is filing this action pursuant to diversity jurisdiction for a determination that any such lawsuit contemplated by Defendants must be filed in Cuyahoga County.

25. KevGar failed to bring in partners and/or provide the necessary information to MRFL to amend and restate the operating agreement for one or more of the non-KevGar entities.

26. MRFL properly set up these entities, fulfilled all terms of its engagement, and did not otherwise breach any duty owed to KevGar.

27. On or around January 16, 2023, Defendants, through counsel, put MRFL on notice of potential claims arising from MRFL's alleged failure to properly create a qualified opportunity zone fund and to obtain opportunity-zone tax benefits for a commercial real-estate development project in Harrisburg, PA.

28. In his notice of claims letter, Defendants asserted alleged damages in excess of $75,000, exclusive of interest and costs.

29. Defendants' purported claims arise from KevGar's retention of MRFL to set up an opportunity zone fund.

30. Thus, any claims KevGar's may have are governed by Ohio law and are subject to the sole jurisdiction of the Bedford Municipal Court or the Cuyahoga County Court of Common Pleas. (Ex. A).

31. On or around February 6, 2023, the undersigned counsel informed Defendants' counsel that Ohio law would govern any claims KevGar may have arising from MRFL's alleged failure to properly create a qualified opportunity zone fund and to obtain opportunity-zone tax benefits for a commercial real-estate development project in Harrisburg, PA, and further advised that the forum selection clause mandates that any lawsuit be filed in Cuyahoga County.

32. Defendants' counsel disagreed and maintained that the law of the Commonwealth of Pennsylvania controls.

33. Defendants' counsel also took the position that MRFL represented not only KevGar, but also the non-KevGar entities.

34. MRFL anticipates that Defendants may file a lawsuit in Pennsylvania arising from MRFL's representation of KevGar to set up a qualified opportunity zone fund.

35. For the foregoing reasons, any lawsuit filed by Defendants in Pennsylvania arising from the aforementioned representation of KevGar by MRFL would be improper.

## COUNT I
### (Declaratory Judgment)

36. Plaintiff realleges and reavers each and every allegation contained in the above paragraphs as if fully rewritten herein.

37. The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

38. MRFL anticipates that Defendants may file a lawsuit in the Commonwealth of Pennsylvania arising from MRFL's representation of KevGar to set up a qualified opportunity zone fund.

39. MRFL anticipates that Defendants may argue that Pennsylvania law should govern any dispute filed by Defendants.

40. An actual controversy exists as to the proper jurisdiction and governing law for Defendants' anticipated lawsuit arising from MRFL's representation of KevGar to set up a qualified opportunity zone fund.

41. MRFL anticipates that Defendants may argue that MRFL represented not only KevGar but also Kevin Baird, KRB Opportunity Zone Fund, LLC, 400 Reily Street LLC, and 400 Reily Street Management LLC, notwithstanding the express disclaimer in the engagement letter. (*See* Ex. A.)

42. An actual controversy exists as to who were MRFL's clients for purposes of determining who has standing to initiate litigation against MRFL and/or its attorneys for legal malpractice.

43. This declaratory judgment action will settle the controversy by clarifying the proper jurisdiction of Defendants' anticipated lawsuit, the governing law of Defendants' anticipated lawsuit, and the proper parties to the anticipated lawsuit.

44. The engagement letter between MRFL and KevGar expressly mandates that any lawsuit arising from the engagement, including setting up a qualified opportunity zone fund, is governed by Ohio law and is subject only to the jurisdiction of the Bedford Municipal Court or the Cuyahoga County Court of Common Pleas. (Ex. A).

45. The engagement letter between MRFL and KevGar limited MRFL's representation to KevGar and expressly disclaimed representation of any other person or entity.

46. MRFL seeks a declaration from this Court that any lawsuit contemplated by Defendants in relation to MRFL and/or its attorneys' alleged failure to set up a qualified opportunity zone fund must be filed in the Bedford Municipal Court or the Cuyahoga County Court of Common Pleas.

47. MRFL seeks a declaration from this Court that any lawsuit contemplated by Defendants in relation to MRFL and/or its attorneys' alleged failure to set up a qualified opportunity zone fund must be governed by Ohio law.

48. MRFL seeks a declaration from this Court that its representation was limited to KevGar, did not represent Kevin Baird, KRB Opportunity Zone Fund, LLC, 400 Reily Street LLC, and 400 Reily Street Management LLC, and therefore, the non-KevGar entities do not have standing to sue MRFL and/or its attorneys arising from their alleged failure to set up qualified opportunity zone.

**WHEREFORE**, for the foregoing reasons, Plaintiff MRFL respectfully prays for the following orders, judgments, and relief:

1. A declaration that:

    a. MRFL's representation was limited to KevGar, did not represent Kevin Baird, KRB Opportunity Zone Fund, LLC, 400 Reily Street LLC, and 400 Reily Street Management LLC; and therefore, the non-KevGar entities do not have standing to sue MRFL and/or its attorneys arising from their alleged failure to set up a qualified opportunity zone for KevGar;

    b. Any lawsuit contemplated by Defendants arising from MRFL and/or its attorneys' alleged failure to set up a qualified opportunity zone fund for KevGar must be filed in the Bedford Municipal Court or the Cuyahoga County Court of Common Pleas;

    c. Any lawsuit contemplated by Defendants arising from MRFL and/or its attorneys' alleged failure to set up a qualified opportunity zone fund for KevGar must be governed by Ohio law;

    d. MRFL and/or its attorneys were not negligent in its representation of KevGar.

2. That Plaintiff be reimbursed for all costs and attorney's fees; and

3. That Plaintiff be awarded such other relief as this Court may deem appropriate and just.

Date: March 10, 2023

        Respectfully submitted,

        */s/ Andrew J. Dorman*
        ANDREW J. DORMAN (0063410)
        ANDREW N. DOMOZICK (0101167)
        **REMINGER CO., L.P.A.**
        101 Prospect Avenue West, Suite 1400
        Cleveland, Ohio 44115-1093
        P: 216-687-1311 phone
        F: 216-687-1841 fax
        Emails:  adorman@reminger.com
                      adomozick@reminger.com

        ***Counsel for Plaintiff***